Matter of Djanuzakov v Manhattan & Bronx Surface Tr. Operating Auth. (2024 NY Slip Op 01752)

Matter of Djanuzakov v Manhattan & Bronx Surface Tr. Operating Auth.

2024 NY Slip Op 01752

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

535458
[*1]In the Matter of the Claim of Bolot Djanuzakov, Appellant,
v
Manhattan & Bronx Surface Transit Operating Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Manhattan & Bronx Surface Transit Operating Authority, respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 27, 2022, which ruled that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant, a bus driver, left his employment in November 2020 and later filed a claim for workers' compensation benefits alleging that he sustained work-related stress and psychological injuries as a result of his exposure to COVID-19, the COVID-19-related death and illness of coworkers, the conditions of his employment and his treatment by coworkers and passengers, among other things. Claimant's treating clinical psychologist diagnosed him with causally-related major depressive disorder and anxiety disorder due to multiple stressful events that he reported had occurred in the course of his work since the start of the pandemic and found him to be temporarily totally disabled, ongoing through a March 2021 hearing. Following a further hearing at which claimant testified, the Workers' Compensation Law Judge disallowed the claim, finding that claimant had not experienced work-related stress greater than that shared by similar workers during the pandemic. Upon administrative review, the Workers' Compensation Board affirmed.[FN1] Claimant appeals.
Among the arguments advanced by claimant is the contention that, in cases involving exposure to COVID-19, the Board improperly applies a disparate burden to claimants seeking compensation for contraction of the virus as compared to those, like claimant here, seeking compensation for psychological injuries stemming from such exposure in the workplace. For the reasons stated in Matter of Anderson v City of Yonkers (___ AD3d ___ [3d Dept 2024] [decided herewith]), we agree. Suffice it to say, "if the Board creates a special rule allowing claimants alleging physical injuries from exposure to COVID-19 to meet their burden of showing that an injury arose in the course of employment, it must also apply such a rule to claimants alleging psychological injuries from exposure to COVID-19" (id. at ___). The matter must therefore be remitted to the Board to determine, consistent with the guidance set forth in Matter of Anderson, whether claimant demonstrated "either a specific exposure to COVID-19 or the prevalence of COVID-19 in [his] work environment so as to present an elevated risk of exposure constituting an extraordinary event" and, if so, whether a causal connection exists between the alleged injury and the workplace accident (id. at ___). Claimant's remaining contentions have either been rendered academic in light of our determination or have been reviewed and found to be lacking in merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Board rescinded the Workers' Compensation Law Judge's finding to the extent that it was premised on a determination that claimant was an "essential worker," finding that it had no bearing on his claim for workers' compensation benefits.